# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3600 | **DATE** | 9/9/2011 |
| **CASE TITLE** | Stelmokas vs. Kodzius | | |

**DOCKET ENTRY TEXT**

The Court affirms the bankruptcy court's rulings.

■[ For further details see text below.]      Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Before the Court is Plaintiff-Appellant Anthony Stelmokas's bankruptcy appeal. For the reasons below, the Court affirms the bankruptcy court's ruling.

### INTRODUCTION

Plaintiff-Appellant Anthony Stelmokas is the owner-operator of a licensed tavern in Chicago, where he (on occasion) cashes checks for his customers, including Defendant-Appellee Vytautus Kodzius. On March 31, 2008, Kodzius asked Stelmokas if he could borrow $11,650 in the form of a loan, and Stelmokas obliged.[1] In the months that followed, Kodzius did not repay the loan. On December 14, 2008, Stelmokas agreed to provide a loan extension to Kodzius and drew up a promissory note for $14,000 plus interest, payable on June 14, 2009. Kodzius confirmed that he would repay the loan, and Kodzius and Stelmokas both signed the promissory note. Kodzius ultimately made no payments on the note, and on or about July 2009, Stelmokas received notice that Kodzius had filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 09-27773, and was endeavoring to discharge the promissory note in that proceeding.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] In fact, the loan was for Kodzius and Vilma Madson. For purposes of this ruling, the Court refers only to Kodzius. Stelmokas is engaged in a separate lawsuit with Madson, *see Stelmokas v. Madson*, Case No. 11 CV 3649 (N.D. Ill.).

Stelmokas initiated an adversary proceeding against Kodzius in that court on November 5, 2009. *See Stelmokas v. Kodzius*, Case No. 09 A 1135. In the adversary proceeding, Stelmokas sought the bankruptcy court's determination that the loan he had made to Kodzius was a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) of the bankruptcy code sets forth exceptions by which "money . . . or an extension, renewal, or refinancing of credit, to the extent [it was] obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition" may be deemed non-dischargeable debt in a bankruptcy proceeding. 11 U.S.C. § 523(a)(2)(A).

The bankruptcy court held a bench trial on February 3, 2011. At trial, Stelmokas testified that he made the loan to Kodzius on the basis of Kodzius's representations that he would repay the loan. (R. 14, 2/3/11 Trial Tr. at 14:17-19; 30:2-23.) Stelmokas further testified that he made the loan because Kodzius "led him to believe" that he was "making considerable money, and [was] able to pay . . . and that the monies would be paid as drafted." (*Id*. at 17:10-17.) Stelmokas held that belief, in part, because Kodzius would regularly cash sizable checks made out to his business, V&V Construction, at Stelmokas's tavern.[2] Stelmokas made the loan to Kodzius, however, not to Kodzius's business, and at trial, Stelmokas conceded that he did not know anything about Kodzius's personal finances and had made assumptions about them based on the checks Kodzius had cashed for his business. Stelmokas did not know anything about Kodzius's personal financial difficulties until he received notice of the Chapter 7 filing.

In addition to his own testimony, Stelmokas called two witnesses – employees of his at the bar who had apparently heard Kodzius, at various times, say that he was doing "fine" financially. At the close of Stelmokas's case, and upon Kodzius's oral motion, the bankruptcy court entered judgment in favor of Kodzius and against Stelmokas and discharged the debt. (R. 5-2, 2/3/11 Order.) Stelmokas timely filed a motion to amend or alter the judgment, which the bankruptcy court denied in an oral ruling on April 21, 2011. (R. 9, 4/21/11 Tr. at 3:19-4:1, 7:15-24.) After denying Stelmokas's motion, the bankruptcy court granted Kodzius's motion for an award of attorney's fees pursuant to 11 U.S.C. § 523(d), finding that Stelmokas had maintained a position that was not substantially justified. (R. 1-4, 4/21/11 Order.) In its Order, the bankruptcy court also noted that "the pattern of bringing adversary complaints by Anthony Stelmokas against debtors unable to afford counsel in order to obtain default judgments is extremely improper and also a basis for the ruling." (*Id*.) Stelmokas filed a timely notice of appeal in this Court on May 4, 2011. (R. 1, Not. of Appeal.) In his appeal, Stelmokas appeals the bankruptcy court's rulings on (1) the dischargeability of the debt, and (2) attorney's fees. (R. 4, Appellant's Opening Brief.)

## LEGAL STANDARD

Federal district courts have mandatory exclusive jurisdiction over appeals from final judgments, orders, and decrees of bankruptcy judges, *see* 28 U.S.C. § 158(a), and "an order declaring the debt [] dischargeable . . . is a final, appealable order." *In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994) (citing *In re Riggsby*, 745 F.2d 1153, 1154 (7th Cir. 1984)). A district court may affirm, modify, or reverse the bankruptcy judge's order, or remand with instructions for further proceedings. Fed R. Bankr. P. 8013. District courts "review a bankruptcy court's determinations of law de novo and findings of fact for clear error." *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009); Fed. R. Bankr. P. 8013. "[W]here the bankruptcy code commits a decision to the discretion of the bankruptcy court," district courts review that decision "only for an abuse of discretion." *Id*. (citation omitted). Stated another way, when a bankruptcy court correctly states the law, district courts should not reverse its factual findings as clearly erroneous "[i]f the bankruptcy court's account of the

---

[2] Stelmokas also apparently knew that Kodzius owned at least two properties, one in Chicago and one in Buffalo Grove. Unfortunately, Stelmokas did not know that the properties were in foreclosure and arrears.

evidence is plausible in light of the record viewed in its entirety." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008). A bankruptcy court's finding is only "clearly erroneous" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation omitted). *See also Wiese*, 552 F.3d at 588 ("[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied.") (quoting *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004)). Federal district courts review bankruptcy courts' decisions to impose sanctions for abuse of discretion. *In re Sokolik*, 635 F.3d 261, 269 n. 2 (7th Cir. 2011) (citation omitted). *See also In re Hingson*, 954 F.2d 428, 429 (7th Cir. 1992) (holding that appellate court applies deferential "abuse of discretion" review to bankruptcy court's ruling under § 523(d)) (citing *Pierce v. Underwood*, 487 U.S. 552, 557-63, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

## ANALYSIS

**I.      The Bankruptcy Court Did Not Abuse Its Discretion In Finding the Debt Dischargeable**

Stelmokas asks the Court to overturn the bankruptcy court's findings as clearly erroneous, arguing that the evidence he submitted at trial satisfied the required elements under § 523(a)(2)(A). To receive an exception from discharge, 11 U.S.C. § 523(a)(2)(A) requires Stelmokas to have shown: (1) that Kodzius made a false representation or omission, which he either knew was false or made with reckless disregard for the truth; (2) that Kodzius possessed an intent to deceive or defraud; and (3) that Stelmokas justifiably relied on the false representation. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011) (citations omitted). The bankruptcy court correctly stated and applied the standard under § 523(a)(2)(A), further noting that by its plain language, the statute grants exceptions to dischargeability only in circumstances involving "money . . . or an extension, renewal, or refinancing of credit, to the extent [it was] obtained by false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's . . . financial condition*." 11 U.S.C. § 523(a)(2)(A) (emphasis added). After considering the evidence presented by Stelmokas, the bankruptcy court found that the only possible alleged misrepresentation was a "statement respecting [Kodzius's] financial condition" and denied Stelmokas's claim because it fell under the "other than" clause in § 523(a)(2)(A). Having carefully reviewed the entirety of the trial transcript, the Court affirms the bankruptcy court's ruling, finding that it did not commit clear error in its assessment of the evidence presented at trial, and furthermore, that it did not abuse its discretion in rejecting Stelmokas's claim.

The bankruptcy court acknowledged Stelmokas's position on the alleged misrepresentations and concluded that "a debtor's statement that I can pay you back, or I will pay you back," does not suffice to establish non-dischargeability under § 523(a)(2)(A). (R. 14, 2/3/11 Trial Tr. 48:24-49:6.) As the bankruptcy court explained in its oral ruling, "even a debtor's statement that I can pay you back, or I plan to pay you back, are very specifically excepted. They don't count because everybody can [] say that, and . . . if you said that was a [] misrepresentation, then . . . there would be no bankruptcy debts discharged." (*Id*. at 50:15-51:6.)[3] The only other evidence Stelmokas presented was his own testimony, and the testimony of one of his employees, regarding checks that Kodzius would occasionally cash on behalf of his business, V&V Construction. The bankruptcy court was correct to point out that Kodzius's endorsement of those business checks did not constitute representations – let alone misrepresentations – by Kodzius. Stelmokas's independent decision to rely on those checks as indicative of Kodzius's personal finances was erroneous. Furthermore, as the bankruptcy court noted,

---

   [3]   As the bankruptcy court noted, to make a fraud claim based on a representation about the debtor's ability to pay, a creditor would have to proceed under 11 U.S.C. § 523(a)(2)(B), but that section requires that the representation be in writing. *See* R. 14, 2/3/11 Trial Tr. 51:7-14. Stelmokas presented no evidence of a written misrepresentation in this case.

even if Stelmokas had been correct to rely on the checks made out to V&V Construction as indicators of Kodzius's personal finances, knowing what money V&V Construction was receiving without knowing the company's outlays rendered the value of that information meaningless.

As a final note, Stelmokas cites a Seventh Circuit opinion, *McClellan v. Cantrell*, 217 F.3d 980 (7th Cir. 2000), for the proposition that "misrepresentation and reliance thereon are not always required to establish fraud." (R. 4, Appellant's Br. at 5-6.) Stelmokas's reliance on *McClellan* is inapposite. In that case, the creditor alleged "actual fraud" under 11 U.S.C. § 523(a)(2)(A), and the situation involved a scenario whereby "Debtor A transfers valuable property to B for nothing in order to keep it out of the hands of A's creditor and B then sells the property and declares bankruptcy in an effort to shield herself from liability for having colluded with A to defeat the rights of A's creditor." *Id*. at 893. The Seventh Circuit discussed that case in the context of *actual* fraud and called the debtors' conduct "as blatant an abuse of the Bankruptcy Code as we can imagine." *Id*. Here, Stelmokas alleges a fraudulent misrepresentation or omission. The bankruptcy court did not abuse its discretion in finding that Stelmokas failed to satisfy the requirements under 11 U.S.C. § 523(a)(2)(A).

## II.    Attorney's Fees

Stelmokas briefly raises, but does not develop, his appellate argument regarding the bankruptcy court's award of attorney's fees in his Appellant's Brief. Seventh Circuit law in this regard is clear – "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (citation omitted). *See also Steen v. Myers*, 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of any discussion legal brief amounts to abandonment of claim).

Even if the Court were to consider Stelmokas's argument, however, it would not find that the bankruptcy court abused its discretion in awarding attorney's fees. 11 U.S.C. § 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The bankruptcy court awarded attorney's fees in the amount of $5,000.00 because it found that Stelmokas's claim involved an allegedly fraudulent misrepresentation that was specifically excepted by the "other than" clause in 11 U.S.C. § 523(a)(2)(A), and was thus "not substantially justified." It was not clearly erroneous for the bankruptcy court to deem the loan a "consumer debt" under 11 U.S.C. § 523(d), and the bankruptcy court did not abuse its discretion in making this award.

## CONCLUSION

For the above reasons, the Court affirms the bankruptcy court's rulings.